**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Aurelio HERNANDEZ–GUINAC,**
**Defendant–Appellant.**

**No. 15–2267.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 6, 2015.

Filed: Nov. 12, 2015.

Kevin Craig Fletcher, Assistant U.S. Attorney, U.S. Attorney's Office Sioux City, IA, for Plaintiff–Appellee.

Aurelio Hernandez–Guinac, Greenville, IL, pro se.

John P. Messina, Assistant, Federal Public Defender, Federal Public Defender's Office, Des Moines, IA.

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

PER CURIAM.

Aurelio Hernandez–Guinac pled guilty to being found after illegal reentry, and at sentencing, the district court[1] granted the government's motion for an upward departure under U.S.S.G. § 4A1.3(a) based on an under-represented criminal history, noting that the sentence could be viewed alternatively as an upward variance based on a weighing of the 18 U.S.C. § 3553(a) sentencing factors. Hernandez appeals, and his counsel has moved to withdraw, arguing in a brief filed under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that the 21–month sentence is substantively unreasonable.

After careful review, we conclude that the court did not abuse its discretion in granting an upward departure, *see United States v. Vasquez*, 552 F.3d 734, 738–39 (8th Cir.2009) (discussing applicability of upward departures under § 4A1.3(a)), and the sentence is not substantively unreasonable, *see United States v. Feemster*, 572 F.3d 455, 461 (8th Cir.2009) (en banc) (abuse-of-discretion review). Further, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues.

---

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

The judgment is affirmed, and we grant counsel's motion to withdraw.